IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Republican Party of New Mexico, Republican
Party of Doña Ana County, Republican Party of
Bernalillo County, New Mexico Turn Around
Harvey Yates, Mark Veteto, and Jalapeño
Corporation,

    Plaintiffs,

v.                                                        CIV 11-0900 WJ/KBM

Hector Balderas, in his official capacity, New
Mexico Attorney General, Maggie Toulouse
Oliver, in her official capacity, New Mexico
Secretary of State, and District Attorneys Raul
Torrez, Dianna Luce, and Mark D'Antonio, in
their official capacities,

    Defendants.

## **ORDER PERMITTING SECOND DEPOSITION**

This case involves a constitutional challenge to New Mexico's campaign finance laws, specifically the contribution limits for state elections. Plaintiffs seek a second Rule 30(b)(6) deposition of a representative of the New Mexico Secretary of State to address recently produced documents regarding "evidence and studies about past corruption in New Mexico." *Doc. 111* at 4. Defendants acknowledge that "whether New Mexico's contribution limits further the constitutionally recognized interest in preventing corruption and the appearance of corruption" is at issue. *Doc. 110* at 2.

Defendants had ample time to collect retrieve and provide to Plaintiffs the supplemental discovery, which they contend is of "minimal, if any" relevance, before the deposition of the Secretary of State. Instead, they supplied the supplemental discovery

to Plaintiffs the day before discovery closed – and over 2 weeks after depositions took place – thus depriving Plaintiffs of the opportunity to ask questions about it.

This Court discounts Defendants' position that a second deposition is unnecessary because the State can adequately "articulate [the Secretary of State's] opinion regarding the need for contribution limits to prevent corruption through its counsel in briefing and argument to the Court." *See id.* at 6. The Court agrees with Plaintiffs that this argument "ignores the purpose of discovery, which is to achieve 'full disclosure of all potentially relevant information' prior to trial or briefing. . . ." *Doc. 111* at 4 (citing *Landry v. Swire Oilfield Servs., L.L.C.,* 323 F.R.D. 360, 375 (D.N.M. 2018).

Although Defendants raise undue burden and hardship concerns, they fail to persuade that these concerns outweigh an opportunity for Plaintiffs to depose the Secretary or her representative about the importance of this second wave of discovery. The Court notes that there is no trial setting or other obstacle to taking a second deposition. Therefore, the Court will grant the Motion to Extend Discovery *(Doc.109)* for the sole purpose of permitting a second deposition of a Rule 30(b)(6) representative of the New Mexico Secretary of State with questioning limited to the supplemental discovery produced on May 10, 2018. Also, the parties are to confer and submit an agreed upon order extending the deadlines for filing discovery motions and dispositive motions in light of this ruling.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE