IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REPUBLICAN PARTY OF NEW
MEXICO, REPUBLICAN PARTY OF
DONA ANA COUNTY, REPUBLICAN
PARTY OF BERNALILLO COUNTY,
NEW MEXICO TURN AROUND,
HARVEY YATES, MARK VETETO,
AND JALAPENO CORPORATION,

        Plaintiffs,

    v.                                        No. 1:11-cv-00900 WJ/KBM

HECTOR H. BALDERAS, in his official capacity,
New Mexico Attorney General, MAGGIE
TOULOUSE OLIVER, in her official capacity,
New Mexico Secretary of State, and District
Attorneys RAUL TORREZ, DIANNA LUCE,
and MARK D'ANTONIO, in their official
capacities,
        Defendants.

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND DENYING MOTION TO STRIKE

THIS MATTER is before the Court on the parties' Motions for Summary Judgment (**Docs. 116 and 122**), an Order for Supplemental Briefing, filed on April 15, 2019 (**Doc. 128**), and Defendants' Motion to Strike Plaintiffs' New Declarations, filed on May 20, 2019 (**Doc. 135**). For the reasons stated below, the Court **DENIES** the motions for summary judgment without prejudice and **DENIES** the motion to strike.

The parties completed briefing on their summary judgment motions on February 20, 2019. On April 4, 2019, Governor Michelle Lujan Grisham signed into law Senate Bill 3. Senate Bill 3

replaced NMSA § 1-19-34.7, which governed the campaign contribution issues in this case. The new legislation has an effective date of July 1, 2019.

After discovering Senate Bill 3, the Court directed the parties to supplement their briefing and explain whether the Court could proceed to rule on the summary judgment briefing. **Doc. 128.** The parties initially stated they believed the Court could proceed on the summary judgment briefing as-is, and that any ruling on the motions would apply to Senate Bill 3. However, Plaintiffs filed new declarations, which effectively add new material facts to the summary judgment analysis. Defendants subsequently moved to strike the declarations. **Doc. 135.** In lieu of striking those declarations, Plaintiffs requested additional briefing and discovery. **Doc. 136, p. 12.**

Initially, the Court notes that Plaintiffs' desire to file new declarations is proper, because they did not have the opportunity to file them or assert those facts during the summary judgment briefing. Senate Bill 3 was enacted after the summary judgment briefing was completed. Because of the changes to New Mexico's Campaign Reporting Act by Senate Bill 3, the parties will need to assert new material facts supported by new declarations. Defendants take the inconsistent position that the Court should rule on the summary judgment motions but should not consider facts necessary for the Court do so. Ruling on the summary judgment motions now without an appropriate summary judgment record would likely result in error.

Therefore, the Court concludes that new summary judgment briefing is necessary to receive proper material facts and afford the other party the opportunity to dispute them. Moreover, the summary judgment briefing is now a morass of legal issues and arguments which

may no longer be relevant in light of Senate Bill 3. The parties should file new summary judgment briefing including only the issues and arguments they wish the Court to consider. If the Court proceeds now, it risks ruling on legal issues that are no longer properly before it.

The parties should also consider whether pleadings will need to be amended. *See, e.g., Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 415, 92 S. Ct. 574, 576, 30 L. Ed. 2d 567 (1972) (where new legislation enacted, United States Supreme Court remanded the case to the district court with leave for appellants to amend their pleadings); *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 672, 113 S. Ct. 2297, 2306, 124 L. Ed. 2d 586 (1993) (same).

Finally, additional discovery may or may not be appropriate. Defendants argued that Plaintiffs' new declarations prejudiced them because they were unable to conduct depositions or discovery testing them, and therefore moved to strike the declarations. Plaintiffs argued that additional discovery should be allowed in lieu of striking the declarations. The Court **REFERS** this matter to United States Magistrate Judge Karen B. Molzen to determine whether discovery should be reopened, and if so, appropriate discovery parameters and deadlines.

Defendants argue that briefing the summary judgment motions again and potentially reopening discovery will be prejudicial and will be necessary every election cycle. However, new summary judgment briefing is not necessary because of the new election cycle, but because of the newly enacted Senate Bill 3.

**IT IS THEREFORE ORDERED** that the Motions for Summary Judgment (**Docs. 116 and 122**) are **DENIED WITHOUT PREJUDICE**. The parties may file new motions in accordance with this opinion. In those motions, the parties should include all arguments they wish

the Court to consider and omit any arguments or claims that are no longer relevant as a result of Senate Bill 3.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Declarations **(Doc. 135)** is **DENIED.**

**IT IS FINALLY ORDERED** that potential future discovery matters and the establishment of a new briefing schedule for the summary judgment motions are **REFERRED** to United States Magistrate Judge Karen B. Molzen.

_____
CHIEF UNITED STATES DISTRICT JUDGE