IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REPUBLICAN PARTY OF NEW MEXICO, *et al.*,

        Plaintiffs,

vs.                                              No. 11-cv-900-WJ-KBM

HECTOR BALDERAS, in his official capacity, New Mexico Attorney General; MAGGIE TOULOUSE OLVER, in her official capacity, New Mexico Secretary of State; and District Attorneys RAUL TORREZ, GERALD BYERS, and DIANNA LUCE, in their official capacities,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**ON PENDING MOTIONS AND OBJECTIONS**

**THIS MATTER** is before the Court on Plaintiffs' Motion for Leave to File Supplemental Expert Report of Jeffrey Milyo, Ph.D. (Doc. 260), Plaintiffs' Objections to Defendants' Additional Evidence for Trial on the Written Record (Doc. 266), Defendants' Notice of Objections to ECF No. 260-1 and 264-1 (Doc. 267), and Plaintiff's Motion to Strike or, in the alternative, for Leave to Reply in Support of Objection to Defendants' Additional Evidence for Trial on the Written Record (Doc. 270).  The Court grants Plaintiff's Motion for Leave to File Supplemental Expert Report, overrules Plaintiffs' Objections, overrules Defendants' Notice of Objections, and denies Plaintiff's Motion to Strike or, in the alternative, for Leave to Reply, without prejudice to the parties' rights to make or renew any trial objections to specific documentary evidence in accordance with the Court's Scheduling Order for Trial on the Written Record.

1

1. **Plaintiff's Motion for Leave to File Supplemental Expert Report of Jeffrey Milyo, Ph.D.**

Plaintiffs filed their Motion for Leave to File Supplemental Expert Report of Jeffrey Milyo, Ph.D. on November 14, 2022 (Doc. 260). Plaintiffs' attach the proposed Supplemental Report as Exhibit 1 to the Motion. (Doc. 260-1). Plaintiffs argue that the Supplemental Report does not express new theories or claims and submission at this stage of the proceedings will not be prejudicial to Defendants. (Doc. 260). Defendants oppose filing of the Supplemental Report, contending that it is untimely and is not tailored to meet the narrow criteria for supplementing expert reports. (Doc. 263).

Because trial in this case will be conducted as a bench trial on the written record, the Court determines that Plaintiffs should be permitted to file the Supplemental Expert Report of Jeffrey Milyo. The Supplemental Expert Report may properly be treated as additional documentary evidence and was timely filed under the Court's September 15, 2022 Order (Doc. 258). However, the Court's decision to grant leave to file the Supplemental Expert Report is without prejudice to Defendants' right to renew any evidentiary objections they have to the Supplemental Expert Report as provided in the Court's Scheduling Order for Trial on the Written Record. The Court grants the Motion for Leave to File Supplemental Expert Report of Jeffrey Milyo Ph.D. (Doc. 260) and the Supplemental Report attached as Exhibit 1 to the Motion (Doc. 260-1) shall be deemed to be filed as part of the record without the necessity of refiling by Plaintiffs.

2. **Objections to Additional Evidence for Trial on the Written Record.**

Plaintiffs have filed objections to all additional evidence identified by Defendants on November 14, 2022. (Doc. 266). Plaintiffs make three blanket objections to all of the additional evidence submitted by Defendants: (1) hearsay; (2) relevance; and (3) any probative value is

outweighed by confusion of the issues, waste of time, and prejudice to Plaintiffs. (Doc. 266 at 2-9, 9-13 and 13-14). The Court overrules the objections without prejudice to renewal of a specific objection made in accordance with the Court's Scheduling Order for Trial on the Written Record.

Plaintiffs' first objection is that all of the documents identified by Defendants as additional evidence are inadmissible hearsay. (Doc. 266 at 2-4). It is true that any document other than a transcript of court proceedings constitutes an out-of-court statement, and, therefore, all of the written materials identified by both parties are out-of-court statements. However, to constitute hearsay, the documents must also be offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Moreover, even if an out-of-court statement is offered for the truth of the matter asserted, it still may not constitute hearsay if it is a declarant-witness's prior statement or a statement by a party opponent. (Fed. R. Evid. 801(d)). Further, even if a statement is considered hearsay, it may be removed from operation of the hearsay rule by a number of exceptions to the rule. Fed. R. Evid. 803-807. It is difficult, if not impossible, for the Court to make a generalized determination whether evidence should be excluded as inadmissible hearsay. Instead, the Court needs both factual and legal context in order to make a determination of whether the evidence is excluded by the hearsay rule. Therefore, the Court overrules the hearsay objection without prejudice to the parties' right to renew the hearsay objection as provided in the Scheduling Order for Trial on the Written Record.

Second, Plaintiffs object that the additional documentary evidence submitted by Defendants is not relevant or admissible. (Doc. 266 at 9). Under Fed. R. Evid. 401, evidence is relevant (1) if it has a tendency to make a fact more or less probable than it would be without the evidence and (2) the fact is of consequence to determining the action. The Court, again, cannot decide issues of relevancy in a vacuum. Instead, the Court must have notice of the fact a party is

attempting to prove with the challenged evidence and the legal materiality of that fact.  Fed. R. Evid. 401.  Therefore, again, the Court overrules the hearsay objection without prejudice to the parties' right to renew relevancy objections as provided in the Scheduling Order for Trial on the Written Record.

Last, Plaintiffs contend that, even if relevant, all of the additional evidence should be excluded under Fed. R. Evid. 403.  Rule 403 provides that a court may exclude evidence if the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  The trial in this case is a bench trial to the Court, not a jury trial.  Fed. R. Civ. P. 52.  It has long been recognized that the Rules of Evidence apply differently, and some do not apply at all, in the context of a bench trial.  *See, e.g., U.S. v. Kienlen*, 349 Fed. App'x. 349 (10th Cir. 2009).  The concerns of Rule 403 apply differently in a trial where a jury has no role in the decision-making process.  Specifically, the Tenth Circuit has stated: "[o]ther circuits have held, and we agree, that excluding evidence in a bench trial under 'Rule 403's weighing of probative value against prejudice [is] improper.'" *U.S. v. Kienlen*, 349 Fed. App'x. at 351  (unpublished) (quoting *Gulf States Utils. Co. v. Ecodyne Corp.,* 635 F.2d 517, 519 (5th Cir.1981)).  The Court also overrules Plaintiffs' Rule 403 objection without prejudice.  The Court notes, however, that it will apply the Federal Rules of Evidence as appropriate in the context of a bench trial and will only entertain Rule 403 objections to the extent they are not directed to jury decision-making concerns.

Also pending before the Court is Defendants' Notice of Objections to ECF No. 260-1 and 264-1. (Doc. 267).  The Court also overrules Defendants' objections at this time, without prejudice to Defendants' right to renew the objections as provided in the Court's Scheduling Order for Trial on the Written Record.

**3.  Plaintiffs' Motion to Strike or, in the alternative, for Leave to Reply in Support of Objection to Defendants' Additional Evidence for Trial on the Written Record**

On January 11, 2023, Plaintiffs filed their Motion to Strike or, in the alternative, for Leave to Reply in Support of Objection to Defendants' Additional Evidence for Trial on the Written Record (Doc. 270).  For the reasons stated overruling Plaintiffs' Objections to Defendants' Additional Evidence, above, the Court denies Plaintiffs' Motion to Strike or for Leave to Reply.  The denial of Plaintiff's Motion is also without prejudice to Plaintiffs' right to renew specific objections to Defendants' evidence as provided in the Court's Scheduling Order for Trial on the Written Record.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE